IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

MICHAEL DUANE MARLIN,
REG. #08387-003                                                                                    PLAINTIFF

2:05CV00146 SWW/HDY

RICHIE MARQUEZ, et al.                                                                         DEFENDANTS

## Memorandum Opinion and Order

The Court has reviewed the proposed Findings and Recommendations received from Magistrate Judge H. David Young and the objections filed in response, and has further reviewed the relevant record *de novo*. The Findings and Recommendations are adopted in their entirety as this Court's findings on plaintiff's civil rights claims. However, with regard to plaintiff's allegation that defendants violated the Americans With Disabilities Act, 42 U.S.C. §§ 12101-12213 (1994) ("ADA"), the Court finds that claim should be dismissed as well. Defendants assert plaintiff failed to exhaust administrative remedies in connection with the ADA claim.[1] Further, defendants urge that the ADA is not applicable to the federal government.

Plaintiff's complaint does not specify which section of the ADA defendants violated. However, it appears that any colorable claim must be pled under Title II of the ADA, which concerns public services and transportation operated by state and local governments. Title II provides that "no qualified individual with a disability . . . be excluded from participation in or be

---

[1] Generally, the ADA does not require plaintiffs to exhaust administrative remedies before bringing a claim under Title II of the Act. *Hoekstra v. Indep. Sch. Dist.*, 916 F.Supp. 941, 948 (D. Minn. 1996).

denied the benefits of the services, programs, or activities of a public entity . . ." 42 U.S.C. § 12132. "Public entity" is defined as any state or local government. *Id.* Title II does not apply to the federal government. *Cellular Phone Taskforce v. F.C.C.,* 217 F.3d 72 (2nd Cir. 2000). *See also Arawole v. Hemingway,* No. CIV.A. 4:04CV506Y, 20050 WL 163001, at 2 (N.D. Tex. July 7, 2005); *Krumel v. City of Fremont,* No. 8:01CV259, 2002 WL 808633 at 1 (D.Neb. Jan. 2, 2002).

Because plaintiff fails to state an ADA claim, the Court finds that defendants' motion to dismiss/summary judgment should be granted in its entirety. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)(court may dismiss case at any time if determines that it fails to state a claim on which relief may be granted).

IT IS THEREFORE ORDERED that defendants' motion to dismiss/ for summary judgment [docket entry 43] is granted. Plaintiff's claims are dismissed. Judgment will be entered accordingly.

DATED this 23rd day of February 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE